# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDRU SURDU, DINO TITO, ANASTASIA MAYFAT, CIPRIAN GROSU, and LUIS LOPEZ, on behalf of themselves and those similarly situated,

INDEX
NO. 15-cv-6567 (PGG)

Plaintiffs,

- against -

MADISON GLOBAL LLC, d/b/a NELLO, NELLO BALAN, and THOMAS MAKKOS,

Defendants.

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

TO: ALL PERSONS WHO WORK OR WORKED AT NELLO RESTAURANT AS SERVERS, RUNNERS, BUSSERS AND BARTENDERS AND WHO RECEIVED TIPS AT NELLO BETWEEN AUGUST 19, 2009 THROUGH [SEPTEMBER 1, 2017].

DATED: _____, 2017

### PLEASE READ THIS NOTICE CAREFULLY

You may be a Class Member who is entitled to receive money under a proposed class action settlement. If you are eligible, Plaintiffs and Defendants encourage you to participate in this Settlement. Defendants will not retaliate against any current or former employees who claim their share of the proposed Settlement.

The Court has decided that the law firm of The Klein Law Group P.C. is qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. If you have any questions regarding this notice, or questions concerning the calculation of your share of the settlement fund, please contact Plaintiff's counsel Darren Rumack: (a) by telephone at 212-344-9022; (b) via email at darren@thekleinlawgroup.com; or, (c) in writing at: Attn: Darren Rumack, The Klein Law Group PC, 39 Broadway Suite 1530 New York, NY 10006.

### IMPORTANT DEADLINES:
- Last Day To "Opt-Out" Of The Settlement Class: _____,
- Last Day To Object To The Settlement: _____,

1

- **Last Date On Which Claim Can Be Filed:** _____,
- **Fairness Hearing: January 19, 2018 at 10:00 a.m.** at the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 18A.

## I.   WHAT IS A CLASS ACTION?

A class action is a lawsuit, in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the Class consists of all persons who work or have worked at Nello Restaurant, located at 696 Madison Ave, New York, NY 10065, between August 19, 2009 through [**September 1, 2017**] ("Relevant Time Period") as tipped servers, runners, bussers and bartenders ("Class Members").[1]

## II.   WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Henry Pitman, United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 18A, New York, NY, 10007, has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of your rights under a proposed settlement.

## III.   WHAT IS THE PURPOSE OF THIS NOTICE?

The lawsuit was filed on August 19, 2015 against Defendants in the United States District Court for the Southern District of New York. The lawsuit was filed on behalf of tipped employees at Nello, by Alexandru Surdu, Dino Tito, Anastasia Mayfat, Cirprian Grosu and Luis Lopez (collectively "Plaintiffs" or "Named Plaintiffs") against Madison Global LLC d/b/a Nello, Nello Balan and Thomas Makkos (collectively "Defendants") The lawsuit alleged that Defendants violated federal and state labor laws by: (1) requiring tipped employees to pool tips with cashiers, assistant managers and general managers, individuals Plaintiffs contend are tip-ineligible management; (2) unlawfully claiming a tip credit against employees' wages; and (3) failing to provide employees with proper notices of pay or adequate wage statements. The lawsuit seeks backpay and liquidated damages, as well as costs and attorneys' fees.

Defendants deny Plaintiffs' allegations, denies that it violated any law and denies that it is liable to Plaintiffs for any of the backpay, damages, costs or attorneys' fees sought. To avoid the burden, expense and uncertainty of continuing litigation, the Parties agreed to

---

[1] Individuals who meet this definition, but who have released all claims against defendants as a result of settlements in cases bearing docket numbers 09-cv-9940 (PAC) (S.D.N.Y.) and 12-cv-3060 (JPO) (S.D.N.Y.) are excluded from this Class and are not eligible to participate in this settlement.

2

this Settlement. Defendants have not admitted or conceded, and do not admit or concede, any wrongdoing or liability.

### III. WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for a total of Three Hundred and Forty-Two Thousand Five Hundred Dollars ($342,500.00) (including attorneys' fees and expenses and enhancement fees for the named Plaintiffs, who played an integral role in the commencement and prosecution of this lawsuit).

Defendants shall deposit 50% of the Settlement Amount within thirty (30) days of Final Approval of the Settlement Agreement by the Court; 25% within three (3) months of the first deposit; and 25% within three (3) months of the second deposit.

Within thirty-seven (37) days of the Final Effective Date, Nello (or the Settlement Claims Administrator) shall send settlement checks for one-half of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

Three (3) months following the initial payment, Nello (or the Settlement Claims Administrator) shall make payments totaling funding one-fourth (1/4) of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

Three (3) months following the second lump sum payment, Nello (or the Settlement Claims Administrator) shall make the final payments totaling one-fourth (1/4) of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

**Monetary Payment**

Under the terms of this settlement, the maximum amount the Defendants will have to pay is $342,500.00. The following expenses will be deducted from the Three Hundred and Forty-Two Thousand Five Hundred Dollars ($342,500.00) prior to the distribution to the Class Members.

1. Enhancement fees: Eight Thousand Five Hundred Dollars ($8,500.00) will be paid out to Named Plaintiffs. This payment is made, because these individuals provided many hours of service to the lawsuit, by helping Plaintiffs' attorney formulate claims, providing documents to support the case and assisting counsel in achieving this resolution.

3

2. Attorneys' fees: Plaintiff's counsel will receive $114,166.66 which equals 33.33% of the net payment of $342,500.00. This amount will be requested pursuant to counsel's professional services agreement, and given the significant number of hours that counsel spent in pursuing this case, given the risks that counsel took that no fees would be recovered, and given the result achieved for the plaintiffs.

3. Settlement Claims Administrator and Accountant fees. This payment will be made to the claims administrator who is responsible for administering the settlement, including processing all mailings, claim forms and generally administering the Settlement Agreement.

If the Court approves these payments, the remaining settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated If I Participate?" section below.

## IV.  DISMISSAL OF THE CASE AND RELEASE OF CLAIMS

In exchange for the payments set forth above, this action will be dismissed with prejudice, and (1) Class Members who do not timely opt-out of the Settlement will fully release and discharge the Defendants from any claims for unpaid wages, overtime pay, failure to maintain and furnish proper wage records and all other claims that were or could have been asserted in this lawsuit under the Fair Labor Standards Act ("FLSA"), up to and including the date of preliminary approval of this Settlement by the Court; and (2) all Class Members do not timely opt-out of the Settlement will fully release and discharge Defendants from any wage or hour claims and/or state or local wage and hour laws, including but not limited to, The New York Labor Law ("NYLL"), arising up to and including the date of preliminary court approval of this settlement.

**WARNING: Except for Class Members who affirmatively opt out of the class as explained in Section V.B. below, Class Members that do not submit a claim form will still release their FLSA and NYLL claims against Defendants.**

**It is very important that you understand the terms of the release set forth in the Settlement Agreement.** If you have any questions concerning the release of your claims against Defendants, or questions concerning the calculation of your share of the settlement fund, you may wish to contact Plaintiffs' counsel. When claims are released, that means no one covered by the release can sue Defendants over those claims.

## V.  WHAT ARE YOUR OPTIONS?

You have several options. Make sure to read this section carefully.

4

### A. Participate in the Settlement:

If you are a Class Member and do not opt-out of this Settlement, you will recover a share of the Settlement Fund only if you timely and validly file a Claim Form. The Claim Form must be post-marked as mailed no later than **45 days** from [**DATE OF INITIAL MAILING**].

### B. Opt-Out of the Settlement Class:

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you can opt-out of the Settlement. If you do not opt-out, you will be bound by the terms of this Settlement, even if you do not submit a claim form. To opt-out, you must send a letter, which includes your name, current address and telephone number. It must also include the following sentence: "I elect to exclude myself from the settlement in *Surdu, et al. v. Madison Global LLC d/b/a Nello, et al.*, Case No. 15-CV-6567." Any such written exclusion must be post-marked no later than _____. If you choose to opt-out of the settlement, you cannot object to the settlement or speak at the fairness hearing. If you choose to opt-out, send your letter to: [CLAIMS ADMINISTRATOR]

If you opt-out of the Settlement, you retain your rights to assert your claims for unpaid wages (if any exist) in a separate litigation, which you are able to pursue on your own, and your damages (if any exist) would be calculated on an individual basis and with counsel of your own choosing. If you choose to assert your claims in a separate litigation, please be aware that under New York law, you have up to six (6) years to pursue a claim for unpaid wages (generally two (2) or (3) years under the FLSA)and that any claims beyond said periods may be deemed untimely, and Defendants may have a Statute of Limitations defense to all or part of your claims.

Under the terms of this Agreement, Defendants have the right to terminate the Settlement Agreement if at least ten (10) percent of the class opts out of the Settlement Agreement.

### C. Objecting to the Settlement:

If you wish to object to the proposed Settlement, the proposed plan of allocation, or the application for attorneys' fees and costs, or service awards, you may do so. If you object and the Court approves the settlement, you will be bound by the settlement, and your claims will be released (even if you do not submit a claim form). You are not required to submit a comment or objection. To submit an objection, you must send a letter, which includes your name, current address and phone number. It must also include the following sentence: "I object to the settlement in *Surdu, et al. v. Madison Global LLC d/b/a Nello, et al.*, Case No. 15-CV-6567." Written objections must be post-marked no later than _____ and sent to: [CLAIMS ADMINISTRATOR]

**D. When and What is the Fairness Hearing and Do I Need to Attend?**

A hearing before the Honorable Judge Henry Pitman will be held on January 19, 2018 at 10:00 am at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 18A, New York, NY, 10007, (the "Fairness Hearing"). The purpose of the Fairness Hearing will be for the Court to consider whether the Settlement is fair, reasonable, and adequate. If there are any objections timely mailed, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.

You are not required to attend the Fairness Hearing, even if you filed an objection. Class Counsel will represent you at the hearing. You are welcome to attend the hearing (at your own expense) if you desire.

## VI. HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Authorized Claimant will receive a share of the Settlement Fund that remains after the Court-approved deductions of the Service Awards, and Attorneys' Fees and Costs, Claims Administrator's Fees and Costs and other expenses. Your share will depend on the number of hours you worked at Nello during the relevant periods. If you become an Authorized Claimant by timely and validly submitting a claim form, you will receive this payment.

The Settlement Fund will be distributed to each Authorized Claimant who timely and validly files a claim form, and who does not opt-out of the settlement class, according to the following formula, based on the number of hours each Authorized Claimant worked and the total number of hours worked by the Class:

- Each Class Member will be assigned one point for each week worked at Nello from August 19, 2009 through July 28, 2017.
- The Claims Administrator will then divide the total number of points for each Authorized Claimant by the total number of points for all Class Members to determine each Authorized Claimant's portion of the Fund.
- No Authorized Claimant who timely and validly submits a claim form shall receive less than $100.00.

Only Class Members who become Authorized Claimants by timely and validly submitting their claim forms under the terms of the Settlement Agreement shall be entitled to receive their Individual Settlement Amount. Any portion of the Net Settlement Fund that is not payable to Authorized Claimants will revert to Defendants.

## VII. UNCASHED CHECKS

As set out in Section III above, there will be three (3) installments of payments made to Class Members under this Settlement Agreement. The first installment will be made within thirty-seven (37) days of the Final Effective Date, and will comprise one-half (1/2) of each Authorized Claimant's individual net settlement payment. The second installment will be made three (3) months following the initial payment, and will comprise one-quarter (1/4) of each Authorized Claimant's individual net settlement payment. The third installment will be made within three (3) months of the second lump sum payment, and will comprise one-quarter (1/4) of each Authorized Claimant's individual net settlement payment.

You will have ninety (90) days from the mailing of the final settlement check to cash/deposit your settlement check(s). If you do not cash/deposit the settlement check(s) within the ninety (90) day period, the check(s) will be voided and a stop-payment will be placed. Your release of all FLSA and NYLL claims will still be effective, the settlement will continue to be binding upon you and you will be deemed to have irrevocably waived any right to claim your share in the settlement. Any uncashed settlement checks or otherwise unclaimed funds at the conclusion of the ninety (90) day check cashing period will revert to Defendants.

## VIII. TAX TREATMENT

For tax purposes, 33.00% of each Class Member's individual settlement payment will be considered back wages subject to lawful deductions and W-2 reporting. For this amount, normal payroll taxes and withholdings will be deducted pursuant to city, state and federal law. The remaining 67.00% of each Class Member's individual settlement payment will be considered liquidated damages and interest subject to 1099 reporting as non-wage income. At the end of each calendar year in which settlement payments have been distributed, the Claims Administrator will issue each Class Member who has cashed a check an IRS Form W-2 for that portion of the Class Member's settlement payment, which is being treated as wages, and an IRS Form 1099 for the portion of the Class Member's settlement payment which is being treated as liquidated damages and interest. Other than the Defendants' portion of the withholdings, Class Members are responsible for the appropriate payment of any taxes on the payments they receive. Class Counsel and Defendants' Counsel do not intend for this Notice to constitute tax advice and to the extent that this Notice is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoid any tax liability or penalties.

If you are presently a party to an individual bankruptcy proceeding, it may be necessary for you to advise the trustee of this settlement.

### IX. NO RETALIATION PERMITTED

Federal law prohibits Defendants from taking any retaliatory action against any person, including current employees, who joins or assists in the prosecution of this case, or who does not opt-out of settlement. Defendants are prohibited by law from retaliating against you for exercising your rights under the FLSA or NYLL.

### X. FURTHER INFORMATION

FURTHER INFORMATION ABOUT THIS NOTICE, THE DEADLINE FOR FILING A CONSENT TO JOIN SETTLEMENT FORM, OR ANSWERS TO QUESTIONS CONCERNING THIS LAWSUIT MAY BE OBTAINED BY CONTACTING PLAINTIFFS' COUNSEL: (A) BY TELEPHONE AT 212-344-9022; (B) VIA EMAIL AT DARREN@THEKLEINLAWGROUP.COM; OR, (C) IN WRITING AT THE KLEIN LAW GROUP PC, 39 BROADWAY SUITE 1530, NEW YORK, NY 10006.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE HENRY PITMAN, UNITED STATES DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

BY ORDER OF THE COURT
DATED: _____, 201_

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRU SURDU, DINO TITO, ANASTASIA MAYFAT, CIPRIAN GROSU, and LUIS LOPEZ, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MADISON GLOBAL LLC, d/b/a NELLO, NELLO BALAN, and THOMAS MAKKOS,<br><br>Defendants. | **INDEX**<br>**NO. 15-cv-6567 (PGG)** |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**TO:** ALL PERSONS WHO WORK OR WORKED AT NELLO RESTAURANT AS SERVERS, RUNNERS, BUSSERS AND BARTENDERS AND WHO RECEIVED TIPS AT NELLO BETWEEN AUGUST 19, 2009 THROUGH [~~DATE OF PRELIMINARY APPROVAL BY COURT~~SEPTEMBER 1, 2017].

**DATED:** _____, 2017

### PLEASE READ THIS NOTICE CAREFULLY

You may be a Class Member who is entitled to receive money under a proposed class action settlement. If you are eligible, Plaintiffs and Defendants encourage you to participate in this Settlement. Defendants will not retaliate against any current or former employees who claim their share of the proposed Settlement.

The Court has decided that the law firm of The Klein Law Group P.C. is qualified to represent you and all Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. If you have any questions regarding this notice, or questions concerning the calculation of your share of the settlement fund, please contact Plaintiff's counsel Darren Rumack: (a) by telephone at 212-344-9022; (b) via email at darren@thekleinlawgroup.com; or, (c) in writing at: Attn: Darren Rumack, The Klein Law Group PC, 39 Broadway Suite 1530 New York, NY 10006.

### IMPORTANT DEADLINES:
- **Last Day To "Opt-Out" Of The Settlement Class:** _____,
- **Last Day To Object To The Settlement:** _____,

1

- Last Date On Which Claim Can Be Filed: _____,
- **Fairness Hearing:** ―――――― January 19, 2018 at ―――――― 10:00 **a.m. at the United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, Courtroom 18A.**

## I.  WHAT IS A CLASS ACTION?

A class action is a lawsuit, in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as "class representatives," file a lawsuit asserting claims on behalf of the entire class. In this case, the Class consists of all persons who work or have worked at Nello Restaurant, located at 696 Madison Ave, New York, NY 10065, between August 19, 2009 through [the date of the Preliminary Approval Order by the CourtSeptember 1, 2017] ("Relevant Time Period") as tipped servers, runners, bussers and bartenders ("Class Members").[1]

## II.  WHAT IS THE PURPOSE OF THIS NOTICE?

Judge Henry Pitman, United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 18A, New York, NY, 10007, has ordered that this Notice be sent to you because you may be a Class Member. The purpose of this Notice is to inform you of your rights under a proposed settlement.

## III.  WHAT IS THE PURPOSE OF THIS NOTICE?

The lawsuit was filed on August 19, 2015 against Defendants in the United States District Court for the Southern District of New York. The lawsuit was filed on behalf of tipped employees at Nello, by Alexandru Surdu, Dino Tito, Anastasia Mayfat, Cirprian Grosu and Luis Lopez (collectively "Plaintiffs" or "Named Plaintiffs") against Madison Global LLC d/b/a Nello, Nello Balan and Thomas Makkos (collectively "Defendants") The lawsuit alleged that Defendants violated federal and state labor laws by: (1) requiring tipped employees to pool tips with cashiers, assistant managers and general managers, individuals Plaintiffs contend are tip-ineligible management; (2) unlawfully claiming a tip credit against employees' wages; and (3) failing to provide employees with proper notices of pay or adequate wage statements. The lawsuit seeks backpay and liquidated damages, as well as costs and attorneys' fees.

Defendants deny Plaintiffs' allegations, denies that it violated any law and denies that it is liable to Plaintiffs for any of the backpay, damages, costs or attorneys' fees sought. To avoid the burden, expense and uncertainty of continuing litigation, the Parties agreed to

---

[1] Individuals who meet this definition, but who have released all claims against defendants as a result of settlements in cases bearing docket numbers 09-cv-9940 (PAC) (S.D.N.Y.) and 12-cv-3060 (JPO) (S.D.N.Y.) are excluded from this Class and are not eligible to participate in this settlement.

2

this Settlement. Defendants have not admitted or conceded, and do not admit or concede, any wrongdoing or liability.

### III. WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for a total of Three Hundred and Forty-Two Thousand Five Hundred Dollars ($342,500.00) (including attorneys' fees and expenses and enhancement fees for the named Plaintiffs, who played an integral role in the commencement and prosecution of this lawsuit).

Defendants shall deposit 50% of the Settlement Amount within thirty (30) days of Final Approval of the Settlement Agreement by the Court; 25% within three (3) months of the first deposit; and 25% within three (3) months of the second deposit.

Within thirty-seven (37) days of the Final Effective Date, Nello (or the Settlement Claims Administrator) shall send settlement checks for one-half of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

Three (3) months following the initial payment, Nello (or the Settlement Claims Administrator) shall make payments totaling funding one-fourth (1/4) of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

Three (3) months following the second lump sum payment, Nello (or the Settlement Claims Administrator) shall make the final payments totaling one-fourth (1/4) of the total sum owed under this Agreement for: (a) each Authorized Claimant's individual settlement payment; (b) class counsel's approved attorney's fees and costs; (c) approved service awards; and (d) the claim's administrator's fees.

#### Monetary Payment

Under the terms of this settlement, the maximum amount the Defendants will have to pay is $342,500.00. The following expenses will be deducted from the Three Hundred and Forty-Two Thousand Five Hundred Dollars ($342,500.00) prior to the distribution to the Class Members.

1. Enhancement fees: Eight Thousand Five Hundred Dollars ($8,500.00) will be paid out to Named Plaintiffs. This payment is made, because these individuals provided many hours of service to the lawsuit, by helping Plaintiffs' attorney formulate claims, providing documents to support the case and assisting counsel in achieving this resolution.

2. **Attorneys' fees**: Plaintiff's counsel will receive $114,166.66 which equals 33.33% of the net payment of $342,500.00. This amount will be requested pursuant to counsel's professional services agreement, and given the significant number of hours that counsel spent in pursuing this case, given the risks that counsel took that no fees would be recovered, and given the result achieved for the plaintiffs.

3. **Settlement Claims Administrator and Accountant fees**. This payment will be made to the claims administrator who is responsible for administering the settlement, including processing all mailings, claim forms and generally administering the Settlement Agreement.

If the Court approves these payments, the remaining settlement funds will be distributed according to the method set forth in the "How Will My Share Be Calculated If I Participate?" section below.

## IV. DISMISSAL OF THE CASE AND RELEASE OF CLAIMS

In exchange for the payments set forth above, this action will be dismissed with prejudice, and (1) Class Members who do not timely opt-out of the ~~cash their checks will~~ Settlement will fully release and discharge the Defendants from any claims for unpaid wages, overtime pay, failure to maintain and furnish proper wage records and all other claims that were or could have been asserted in this lawsuit under the Fair Labor Standards Act ("FLSA"), up to and including the date of preliminary approval of this Settlement by the Court; and (2) all Class Members do not timely opt-out of the Settlement will ~~will~~ fully release and discharge Defendants from any wage or hour claims and/or state or local wage and hour laws, including but not limited to, The New York Labor Law ("NYLL"), arising up to and including the date of preliminary court approval of this settlement.

**WARNING: Except for Class Members who affirmatively opt out of the class as explained in Section V.B. below, Class Members that do not submit a claim form will still release their FLSA and NYLL claims against Defendants.**

**It is very important that you understand the terms of the release set forth in the Settlement Agreement.** If you have any questions concerning the release of your claims against Defendants, or questions concerning the calculation of your share of the settlement fund, you may wish to contact Plaintiffs' counsel. When claims are released, that means no one covered by the release can sue Defendants over those claims.

4

## V. WHAT ARE YOUR OPTIONS?

You have several options. Make sure to read this section carefully.

### A. Participate in the Settlement:

If you are a Class Member and do not opt-out of this Settlement, you will recover a share of the Settlement Fund only if you timely and validly file a Claim Form. The Claim Form must be post-marked as mailed no later than **45 days** from **[DATE OF INITIAL MAILING]**.

### B. Opt-Out of the Settlement Class:

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you can opt-out of the Settlement. If you do not opt-out, you will be bound by the terms of this Settlement, even if you do not submit a claim form. To opt-out, you must send a letter, which includes your name, current address and telephone number. It must also include the following sentence: "I elect to exclude myself from the settlement in *Surdu, et al. v. Madison Global LLC d/b/a Nello, et al.*, Case No. 15-CV-6567." Any such written exclusion must be post-marked no later than _____. If you choose to opt-out of the settlement, you cannot object to the settlement or speak at the fairness hearing. If you choose to opt-out, send your letter to: [CLAIMS ADMINISTRATOR]

If you opt-out of the Settlement, you retain your rights to assert your claims for unpaid wages (if any exist) in a separate litigation, which you are able to pursue on your own, and your damages (if any exist) would be calculated on an individual basis and with counsel of your own choosing. If you choose to assert your claims in a separate litigation, please be aware that under New York law, you have up to six (6) years to pursue a claim for unpaid wages (generally two (2) or (3) years under the FLSA)and that any claims beyond said periods may be deemed untimely, and Defendants may have a Statute of Limitations defense to all or part of your claims.

Under the terms of this Agreement, Defendants have the right to terminate the Settlement Agreement if at least ten (10) percent of the class opts out of the Settlement Agreement.

### C. Objecting to the Settlement:

If you wish to object to the proposed Settlement, the proposed plan of allocation, or the application for attorneys' fees and costs, or service awards, you may do so. If you object and the Court approves the settlement, you will be bound by the settlement, and your claims will be released (even if you do not submit a claim form). You are not required to submit a comment or objection. To submit an objection, you must send a letter, which includes your name, current address and phone number. It must also include the following sentence: "I object to the settlement in *Surdu, et al. v. Madison Global LLC*

5

*d/b/a Nello, et al.*, Case No. 15-CV-6567." Written objections must be post-marked no later than _____ and sent to: [CLAIMS ADMINISTRATOR]

### D. When and What is the Fairness Hearing and Do I Need to Attend?

A hearing before the Honorable Judge Henry Pitman will be held on January 19, 2018 at 10:00 am at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 18A, New York, NY, 10007, (the "Fairness Hearing"). The purpose of the Fairness Hearing will be for the Court to consider whether the Settlement is fair, reasonable, and adequate. If there are any objections timely mailed, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.

You are not required to attend the Fairness Hearing, even if you filed an objection. Class Counsel will represent you at the hearing. You are welcome to attend the hearing (at your own expense) if you desire.

## VI. HOW WILL MY SHARE BE CALCULATED IF I PARTICIPATE?

Each Authorized Claimant will receive a share of the Settlement Fund that remains after the Court-approved deductions of the Service Awards, and Attorneys' Fees and Costs, Claims Administrator's Fees and Costs and other expenses. Your share will depend on the number of hours you worked at Nello during the relevant periods. If you become an Authorized Claimant by timely and validly submitting a claim form, you will receive this payment.

The Settlement Fund will be distributed to each Authorized Claimant who timely and validly files a claim form, and who does not opt-out of the settlement class, according to the following formula, based on the number of hours each Authorized Claimant worked and the total number of hours worked by the Class:

- Each Class Member will be assigned one point for each week worked at Nello from August 19, 2009 through July 28, 2017.
- The Claims Administrator will then divide the total number of points for each Authorized Claimant by the total number of points for all Class Members to determine each Authorized Claimant's portion of the Fund.
- No Authorized Claimant who timely and validly submits a claim form shall receive less than $100.00.

Only Class Members who become Authorized Claimants by timely and validly submitting their claim forms under the terms of the Settlement Agreement shall be

entitled to receive their Individual Settlement Amount. Any portion of ~~of~~ the Net Settlement Fund that is not payable to Authorized Claimants will revert to Defendants.

## VII. UNCASHED CHECKS

As set out in Section III above, there will be three (3) installments of payments made to Class Members under this Settlement Agreement. The first installment will be made within thirty-seven (37) days of the Final Effective Date, and will comprise one-half (1/2) of each Authorized Claimant's individual net settlement payment. The second installment will be made three (3) months following the initial payment, and will comprise one-quarter (1/4) of each Authorized Claimant's individual net settlement payment. The third installment will be made within three (3) months of the second lump sum payment, and will comprise one-quarter (1/4) of each Authorized Claimant's individual net settlement payment.

You will have ninety (90) days from the mailing of the final settlement check to cash/deposit your settlement check(s). If you do not cash/deposit the settlement check(s) within the ninety (90) day period, the check(s) will be voided and a stop-payment will be placed. Your release of all FLSA and NYLL claims will still be effective, the settlement will continue to be binding upon you and you will be deemed to have irrevocably waived any right to claim your share in the settlement. Any uncashed settlement checks or otherwise unclaimed funds at the conclusion of the ninety (90) day check cashing period will revert to Defendants.

## VIII. TAX TREATMENT

For tax purposes, 33.00% of each Class Member's individual settlement payment will be considered back wages subject to lawful deductions and W-2 reporting. For this amount, normal payroll taxes and withholdings will be deducted pursuant to city, state and federal law. The remaining 67.00% of each Class Member's individual settlement payment will be considered liquidated damages and interest subject to 1099 reporting as non-wage income. At the end of each calendar year in which settlement payments have been distributed, the Claims Administrator will issue each Class Member who has cashed a check an IRS Form W-2 for that portion of the Class Member's settlement payment, which is being treated as wages, and an IRS Form 1099 for the portion of the Class Member's settlement payment which is being treated as liquidated damages and interest. Other than the Defendants' portion of the withholdings, Class Members are responsible for the appropriate payment of any taxes on the payments they receive. Class Counsel and Defendants' Counsel do not intend for this Notice to constitute tax advice and to the extent that this Notice is interpreted to contain or constitute advice regarding any federal,

7

state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoid any tax liability or penalties.

If you are presently a party to an individual bankruptcy proceeding, it may be necessary for you to advise the trustee of this settlement.

## IX. NO RETALIATION PERMITTED

Federal law prohibits Defendants from taking any retaliatory action against any person, including current employees, who joins or assists in the prosecution of this case, or who does not opt-out of settlement. Defendants are prohibited by law from retaliating against you for exercising your rights under the FLSA or NYLL.

## X. FURTHER INFORMATION

FURTHER INFORMATION ABOUT THIS NOTICE, THE DEADLINE FOR FILING A CONSENT TO JOIN SETTLEMENT FORM, OR ANSWERS TO QUESTIONS CONCERNING THIS LAWSUIT MAY BE OBTAINED BY CONTACTING PLAINTIFFS' COUNSEL: (A) BY TELEPHONE AT 212-344-9022; (B) VIA EMAIL AT DARREN@THEKLEINLAWGROUP.COM; OR, (C) IN WRITING AT THE KLEIN LAW GROUP PC, 39 BROADWAY SUITE 1530, NEW YORK, NY 10006.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, THE HONORABLE HENRY PITMAN, UNITED STATES DISTRICT JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFFS' CLAIMS OR THE DEFENDANTS' DEFENSES.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.**

BY ORDER OF THE COURT
DATED: _____, 201_